# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMEY AND TRACEY MATHESON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a corporation,<br><br>Defendant. | Case No: CIV-16-1312-C |

## COMPLAINT

COME NOW the Plaintiffs, Jamey and Tracey Matheson, and for their causes of action against Defendant, allege and state:

1. Plaintiff, Jamey and Tracey Matheson, are residents of Stillwater, Payne County, State of Oklahoma.

2. Defendant, State Farm Fire and Casualty Company, is a corporation, a foreign insurance company incorporated and domiciled in the State of Illinois and maintains its principal place of business in a state other than in Oklahoma.

3. Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. ' 1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

4. At all times material hereto Plaintiffs home was insured under State Farm Fire and Casualty Company, Policy No. 96-EK-4540-8. The subject policy was in full force and effect at all times pertinent hereto. Plaintiffs purchased earthquake coverage

from State Farm to further protect their home.

5. Plaintiffs home sustained earthquake damage on October 10, 2015. Subsequently, Plaintiffs home was damaged by major earthquakes including the September 3, 2016 5.8 magnitude earthquake in Pawnee, Oklahoma.

6. Plaintiffs submitted a claim for earthquake damage to Defendant, made the premises available for inspection by Defendant's adjuster, cooperated in the limited investigation that Defendant performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

5. State Farm breached the subject insurance contract by wrongfully denying Plaintiffs claims for loss or damage to their home caused by earthquake.

6. State Farm breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when State Farm knew that it was entitled to those benefits because the earthquake damage was obvious;

    b. failing to properly investigate Plaintiffs claim by not attempting to view and consider all apparent damage;

    c. refusing to honor Plaintiffs claims for reasons contrary to the express provisions of the policy that covers earthquake damage;

    d. refusing to honor Plaintiffs claims in some instances by applying restrictions not contained in the policy;

    e. refusing to honor Plaintiffs claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    f. failing to adopt and implement reasonable standards for the prompt

       investigation and reasonable handling of claims arising under these policies, to include Plaintiffs claims;

g.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs claims once liability had become reasonably clear;

h.    failing to properly evaluate the limited investigation that was performed;

i.    refusing to consider the reasonable expectations of the insured that her home would be covered for earthquake damage;

j.    using the services of a purported expert who, upon information and belief, finds in a disproportionate number of claims for the insurance company;

k.    intentionally prolonging the claims handling process for an unreasonable amount of time;

l.    forcing the insured to hire their own engineer as a requirement for Defendant to further consider coverage and claim benefits;

m.    refusing to consider expert opinion of insured's hired engineer;

n.    threatening and utilizing intimidation to deter insured from filing supplemental claim;

p.    refusing to accept filing of supplemental claims;

q.    ignoring observations of Defendant's own adjusters and engineers;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant, State Farm.

7.    As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the policy benefits, loss of the coverage, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages.

8.   Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiffs to recover punitive damages.

**WHEREFORE**, Plaintiffs demands judgment against Defendant, State Farm, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**MANSELL ENGEL & COLE**

By: s/Adam Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma   73102
T: (405) 232-4100 ** F: (405) 232-4140
Email: mec@meclaw.net

ATTORNEYS FOR PLAINTIFFS