IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMEY MATHESON and <br> TRACEY MATHESON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FIRM FIRE AND CASUALTY <br> COMPANY, a corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-16-1312-C <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

Plaintiffs' home was insured by Defendant State Farm Fire and Casualty Company ("State Farm"). On October 10, 2015, Plaintiffs' home was severely damaged by an earthquake. Plaintiffs had earthquake coverage with State Farm via an endorsement to their policy and they promptly filed a claim for the earthquake damage. State Farm denied the claim on October 21, 2016, and on November 16, 2016, Plaintiffs filed the present action. State Farm has now filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiffs' breach of contract claim, arguing that it was filed outside the applicable statute of limitations. According to Defendant State Farm, the policy required any action brought seeking contract benefits to be filed within one year of the date of loss or damage. Because Plaintiffs failed to meet this deadline, their claim should be dismissed.

In response, Plaintiffs provide several additional facts which are not set forth in their Complaint. In particular, Plaintiffs note that Defendant did not deny the claim until October 21, 2016, after the purported expiration of the statute of limitations period. According to

Plaintiffs, prior to that time State Farm did not deny the claim but disputed the amount of the loss suffered by Plaintiffs. Plaintiffs further note that both parties hired engineers to examine the damage and that as late as September 22, 2016, State Farm's engineer identified damage beyond the amount initially determined by State Farm. Relying on these facts, Plaintiffs argue their claim should not be dismissed because State Farm failed to give the written notice required by 36 Okla. Stat. § 1250.7(E). Plaintiffs also direct the Court's attention to Agric. Ins. Co. of Watertown, N.Y. v. Iglehart, 1963 OK 214, 386 P.2d 145, where the Oklahoma Supreme Court addressed similar factual circumstances. In Iglehart, the parties were in dispute over the value of Plaintiff's loss. The insurance company had never denied the claim, but disputed the amount of loss. After obtaining a jury verdict in its favor, the insurance company appealed, arguing in part that the claim was barred by the statute of limitations. In response, the Oklahoma Supreme Court stated,

> In such a situation where defendant admitted liability to plaintiff, but never made payment to him on his claim, and there were intermittent negotiations for settlement of the claim, the defendant thereby waived the limitation provision of the policy. If defendant had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then defendant could rely on the bar of limitations.

Id. 1963 OK 214, ¶ 5, 386 P.2d at 146 (citing Prudential Fire Ins. Co. v. Travel-Taylor Co., 1944 OK 272, 152 P.2d 273).

2

In its reply, State Farm argues that none of the facts supporting Plaintiffs' arguments of waiver or failure to comply with the statutory requirements are included in the Complaint and therefore its Motion to Dismiss should be granted.

While Defendant is correct that from the face of the Complaint it appears Plaintiffs' claim is time barred, it is also apparent there are other facts which would toll expiration of the limitations period. However, these facts must be properly pleaded before the case can proceed. Accordingly, the Court will grant Plaintiffs time to file an Amended Complaint.

For the reasons set forth herein, Defendant's Partial Motion to Dismiss (Dkt. No. 10) is GRANTED. Plaintiff's breach of contract claim is DISMISSED without prejudice. Plaintiff shall file any Amended Complaint within 10 days of the date of this Order.

IT IS SO ORDERED this 7th day of February, 2017.

ROBIN J. CAUTHRON
United States District Judge